Mersadies Bonilla
PP# 1030258
8151 State Road –R.C.F.
Philadelphia, PA 19136

## UNITED STATES DISTRICT COURT
### for the
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mersadies Bonilla | : | |
| Plaintiff, | : | |
| | : | **AMENDED COMPLAINT** |
| -v- | : | |
| | : | Civil Action No. **18 - 3293** |
| American Heritage Federal Credit Union, | : | |
| | : | |
| Defendant. | : | |

FILED AUG 24 2018 KATE BARKMAN, Clerk By_____Dep. Clerk

### I. Jurisdiction & Venue

1. This is a civil action authorized by Federal Credit Union Act 12 USCS §§ 1751 et seq.; Credit Union Membership Access Act; Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1, et seq.; the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et seq.; the Truth in Lending Act, 15 U.S.C. § 1601, et seq.; the Fair Credit Billing Act, 15 U.S.C. § 1666a; the Fair Credit Billing Act, 15 U.S.C. § 1666h and Regulation Z, 12 CFR § 22.6 12(d), and common law causes of action for conversion and unjust enrichment. Plaintiff Bonilla seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202.

2. The defendant maintains its principal office for administration of all business in the Commonwealth of Pennsylvania at 2060 Red Lion Road Philadelphia, PA 19115. Furthermore, alleged unlawful acts and practices of the defendant were committed within or upon the direction of Defendant's agents within the Commonwealth of Pennsylvania.

### II. PLAINTIFF

3. Plaintiff Mersadies Bonilla has been a member at American Heritage Federal Credit Union (hereinafter AHFCU) since 2015. Bonilla has had two accounts with American Heritage Federal Credit Union, secured credit card and savings share account.

4. Plaintiff Bonilla is a individual and citizen of the Commonwealth of Pennsylvania with an address at 8151 State Road Philadelphia, Pennsylvania 19136 which she is a prisoner at Riverside Correctional Facility since July 28th of 2017.

### III. DEFENDANT

5. Defendant American Heritage Federal Credit Union is a federally chartered credit union and falls under the laws of the Commonwealth of Pennsylvania having its principal place of business for the administration of all business at 2060 Red Lion Road Philadelphia, Pennsylvania 19115.

## IV. FACTS

6. On August 13th of 2016 Plaintiff received two deposits into her share savings account xx2661 in the amount of $3000.00 and $500.00 from another member's deposit accounts. On August 17th of 2016 Plaintiff received a deposit in the amount of $2100.00 to share savings account xx2661. A true and correct copy of AHFCU statement is attached and marked as "Exhibit A(1-3)"

7. On August 19th of 2016 at 9:48 am Defendant called Philadelphia Police Department to their local branch location located at 2620 W. Hunting Park Avenue Philadelphia, Pennsylvania 19129. Philadelphia Police officer Luna (badge number 9781) responded and was told that "$13,000.00 was transferred from her bank account, to below offender's bank account; this all occurred from 08-13-2016 - 08-17-2016" (Defendant informed member Eubanks that she needed to make a police report for her funds to be credited back to her account and report was made while she was inside of the Defendant's local branch). Attached and marked "Exhibit B" is a true and correct copy of said police report number 067136.

8. On August 26th of 2016 Plaintiff was a member to Defendant and called to Defendant to close her credit card account (that was used for personal, family, and household purposes) and was referred to Defendant's Fraud Department.

9. Upon Plaintiffs conversation with Fraud Investigator on August 26th of 2016, Bonilla gave a Philadelphia Police Docket number from a agreement made on July 1st of 2016 to Defendant's Fraud Investigator that verified the investigator's questions via email. Bonilla was told by Fraud Investigator that she would be contacted after a Senior Fraud Investigator looked at the file and informed Plaintiff that her secured credit card and savings share account were under investigation by Defendant only. Plaintiff was not informed that any law officials were involved in this investigation nor that the Philadelphia Police Department was involved since August 19th of 2016 and took AHFCU's Investigator's verbal word(s) on investigating Plaintiff's one savings share and secured credit card account due to being a member of their federally chartered credit union.

10. D efendant did not keep the verbal agreement to contact Bonilla. Instead Bonilla became a probable cause suspect to the Commonwealth of Pennsylvania's docket number(s) MC-51-CR-0022470-2017 and CP-51-CR-0000237-2018 which lead to her arrest on July 28th of 2017. Plaintiff was also not informed by Defendant that Philadelphia Police Department was involved at any time during or after investigation.

11. Upon the finding (email alert from credit monitoring agency) of credit reporting agency reporting Plaintiff's credit card account as delinquent and past due, Plaintiff sent a handwritten letter via U.S.P.S. mail to AHFCU dated October 17th of 2016 in addition to Plaintiff's email for investigation to AHFCU's Fraud Investigator on August 26th of 2016. Plaintiff has not received a response since August 26th of 2016 to investigation and that investigation was not resolved as in Court of Common Pleas case number CP-51-CR-0000237-2018. Plaintiff did not contact Credit Reporting Agencies (hereinafter CRA) at that time due to Commonwealth of Pennsylvania Criminal case and wanted to show full proof with the outcome of case. Plaintiff reported account to CRA.

12. Defendant did not conduct a full investigation prior to contacting the Philadelphia Police Department. A true and correct copy of American Heritage's Senior Fraud Investigator Tracey Rambo's investigation report is attached and marked as Exhibit "C(1-2)". AHFCU's victim said that she did not know Plaintiff and then later stated in phone conversation to Philadelphia Police Department Northwest Detective Fleming (badge number 9275) on question number two (Q2.) "Yes I believe she

was an accountant in my son's business" which is a contradiction to the initial statement made to Defendant AHFCU Exhibit "D".

13. Defendant charged off delinquency balance of Plaintiff's account shortly after August 30th of 2016.

14. On July 28th of 2017 Plaintiff was arrested on Fraud claims in connection with docket number MC-51-CR-0022470-2017 from police report 067136.

15. On Thursday January 11th of 2018 AHFCU's Senior Fraud Investigator Tracey Rambo served as the Commonwealth of Pennsylvania's witness on Philadelphia Court of Common Pleas docket number MC-51-CR-0022470-2017 preliminary hearing in front of The Honorable Judge Thomas G. Gavin. On that date Rambo could not prove that transactions that were said to be fraudulent were made by Plaintiff. Rambo also said that she has done over 500 investigations since August of 2016 and remembered what was said to her by Eubanks from that time. Rambo stated she did not keep contacts from August of 2016. Attached and marked Exhibit "E" is a true and correct copy of Court Reporter Transcript dated January 23rd of 2018.

## V. LEGAL CLAIMS

16. Paragraphs 1 through 15 are incorporated by reference herein.

17. The acts, failures to act, practices and policies of the Defendant set forth above constitute the Defendant took funds from a paid off credit card account after already filing criminal charges in attempt to reclaim $5,600 (which funds were deposited into Plaintiff's savings share account), as well as reported invalid debt via consumer credit reporting agencies which is a violation of Truth in Lending Act 15 USCS §§ 1601 et seq. by failing to investigate Plaintiff's allegations of the billing and adjustment error, emails to fraud investigator constitute as valid written notice under Fair Credit Billing Act 15 USCS § 1666, where emails contained that her online account statements contained billing errors under § 1666(b)(1),(2),(4) 1666 (h) 1666(c) as well as Pennsylvania Fair Credit Extension Uniformity Act 73 P.S. § 2270.1; Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et seq.; Fair Credit Billing Act, 15 U.S.C. § 1666h and Regulation Z, 12 CFR § 22.6 12(d); common law causes of action for conversion and unjust enrichment.

18. Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA) prohibits unfair or deceptive acts or practices in the collection of debt. 73 P.S. § 2270.2. Pennsylvania's Unfair Trade Practices and Customer Protection Law ("UTPCPL"), like the FCEUA, is "a remedial statute intended to protect consumers from unfair or deceptive practices or acts" in the conduct of trade commerce. Balderston v. Medtronic Sofamor Danek, Inc., 152 F. Supp.2d772, 776 (E.D., Pa. 2001). Section 201-2(4) of the UTPCPL "lists specific unfair methods of competition and unfair of deceptive acts or practices, and includes a catchall provision." Hunt v. U.S. Tobacco Co., 538 F.3d 217, 221 (3d Cir. 2008). Plaintiff brings to the court's attention that debt was settled and not owed at all. Funds were removed from credit account after paying debt on August 13th of 2016 with funds deposited into her savings share deposit account. Defendant took funds from credit card account in attempt to recover what Defendant called "fraudulent funds" from Plaintiff but did not allow investigation to complete. As of August 19th of 2016, formal investigation is conducted by The Commonwealth of Pennsylvania and due to American Heritage Federal Credit Union not allowing the investigation to complete, it makes Defendant seem to be trying to recover a "debt" by using The Commonwealth of Pennsylvania as a debt collector. Also as stated in paragraph 7 and "Exhibit B", $13,000.00 was claimed as transferred from member Eubank's account and not the $5,600.00 that was actually under investigation. Furthermore, Plaintiff brings UTPCPL claim against Defendant under it's catch all provision

"fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding" 73 PS § 201-2 (4)(1)-(xx) and 71 PS. § 201-2(4)(xxi). The general purpose of the UTPCPL is to protect the public from fraud and unfair deceptive business practices." Burke v Yingling, 446 Pa Super. 16, 666 A.d 288, 291 (Pa. Super. 1995). Plaintiff also claims "a deceptive act is the act of intentionally giving a false impression of a tort arising from false representation made knowingly or recklessly with the intent that another person should detrimentally rely on it." Wilson, 549 F. Supp2d at 666 (citing In re Patterson, 263 B.R. 82, 94 (E.D.Pa.2001)) as done and stated in paragraphs 7, 9, 10 and 13. Harm suffered results in statements in paragraphs 1-15.

19. Defendant offset Plaintiff's savings share account to satisfy "debt" owed by Plaintiff's credit card account without authorization from Plaintiff. No written authorization was given by Plaintiff member and Defendant had no security interest in funds from Plaintiff's savings share account. Violation of Truth in Lending Act, 15 USCS § 1666h, and Regulation Z, 12 CFR § 226.12(d) Gardner v Montgomery County Teachers Fed. Credit Union (2012, dc Md) 864 F Supp 2d 410. 15 USCS §1666(h)(a) reads "A card issuer may not take any action to offset a cardholder's indebtness arising in connection with a consumer credit transaction under relevant credit card plan against funds of the cardholder held on deposit with the card issuer" and defendant has done that without authorization. Defendant has also taken interest and other fees from Plaintiff from secured credit card which a cash advance was generated for. Plaintiff and Defendant initiated a bona fied dispute which Defendant's started with Philadelphia police report number 067136 and Plaintiff's call made on August 26th of 2016. Truth in Lending Act, 15 U.S.C. §1601(a) was also violated in adherence to the language of the regulation is also consistent with the purpose of {268 F. Supp. 3d 766} TILA more generally, which is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a); Roberts v. Fleet Bank (R.I.), 342 F.3d 260, 265 (3d Cir. 2003), as amended (Oct. 21, 2003).

20. Fair Credit Billing Act, 15 U.S.C. § 1666h was violated by Defendant adversely reporting Plaintiff's account as delinquent to consumer reporting agencies without noting account currently being disputed and/or investigated, completed, or resolved. Defendant's method of investigation involved The Commonwealth of Pennsylvania and that investigation is currently active and not complete as stated on criminal docket number CP-51-CR-0000237-2018.

21. Defendant violated Fair Credit Billing Act, 15 U.S.C. § 1666a by failing to note that the credit account was disputed. 15 U.S.C. § 1666a states, in relevant part, "After receiving a notice from an obligator as provided in section 1666(a) of this title, a creditor or his agent may not directly or indirectly threaten to report to any person adversely on the obligator's credit rating or credit standing because of the obligator's failure to pay…and such amount may not be reported as delinquent…" 15 U.S.C. § 1666a(a).

22. Defendant's investigation into her reported disputes was unreasonable because defendant conducted no such investigation. Plaintiff further argues that Defendant's failure to report a dispute to CRA resulted in invalid debt reported. Defendant did not conduct a thorough investigation by standards of Federal Credit Union Act 12 USCS §§ 1751 et seq. which ended in Plaintiffs arrest and false information to CRA. Defendant has a credit committee and has loan officers which extended credit to Plaintiff under Federal Credit Union Act 12 USCS §§ 1751 et seq. Credit Union Membership Access Act; congressional findings Act Aug. 7, 1998, P. L. 105-219, § 2, 112 Stat. 913, provides: "The Congress finds the following: (3) To promote thrift and credit extension, a meaningful affinity and bond among members, manifested by a commonality of routine interaction, shared and related

work experiences, interests, or activities, or the maintenance of an otherwise well-understood sense of cohesion or identity is essential to the fulfillment of the public mission of credit unions".

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully pray that this court enter judgment in her favor against Defendant and award her relief including but not limited to the following:

A. Granting Plaintiff Bonilla a declaration that the acts and omissions described herein violate her rights under the Constitution and laws of the United States;
B. Granting Plaintiff Bonilla compensatory damages including all expenses and financial losses Plaintiff incurred as a result of the Defendant's actions and compensation for emotional pain and suffering in the amount of $1,000,000.00;
C. Plaintiff sees punitive damages in the amount of $1,500,000.00 from Defendant;
D. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute(s) cited above, delete AHFCU tradeline on Plaintiffs credit report, mark all judgments obtained as satisfied on credit report, forgive all debt shown on credit reports by AHFCU;
E. Plaintiff seeks jury trial on all issues triable by jury;
F. Reasonable attorney's fees plus of the costs in this suit;
G. Any additional relief this court deems just, proper, and equitable on the injury sustained;

Dated August 21st of 2018

Respectfully submitted,

Mersadies Bonilla
Police Photo Number: 1030258
Riverside Correctional Facility
8151 State Road
Philadelphia, PA 19136

FILED
AUG 24 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matter alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty that the foregoing is true and correct.

Executed at Philadelphia, PA on August 21st of 2018.

Mersadies Bonilla

N.C.F. Bonilla, Messades
Philadelphia Department of Prisons
Philadelphia, PA 19136   8151 State Rd
PPN 1030258
- AMENDED COMPLAINT -

Court
4, EDPa

2609
19106

U.S.M.S.
X-RAY

